UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KISHAN N. CHAND,<br><br>    Plaintiff,<br><br>    v.<br><br>CHECKSMART FINANCIAL LLC,<br><br>    Defendant. | Case No. 17-cv-03895-JSC<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 9 |

Plaintiff Kishan N. Chand sues his former employer Defendant Checksmart Financial, LLC for disability discrimination and retaliation. Defendant moves to compel arbitration per the Mutual Dispute Arbitration Agreement (the "Arbitration Agreement") signed by both parties. (Dkt. No. 9.) Plaintiff did not file an opposition and has not otherwise communicated with the Court. After considering the moving papers, the Court concludes that oral argument is unnecessary, see Civ. L.R. 7-1(b), and VACATES the August 24, 2017 hearing. Because Plaintiff agreed to arbitrate his claims and the arbitration policy is not unconscionable, the Court grants Defendant's motion to compel arbitration and stays the action.

**BACKGROUND**

On February 2, 2015, Plaintiff began working for Checksmart as a district manager. (Dkt. No. 9-1 at 1.) On this same day, both parties signed the Arbitration Agreement. (*Id*. at 8.) The Arbitration Agreement states:

1. The parties mutually agree to "submit to binding arbitration all covered disputes and claims" arising out of Plaintiff's employment or any legal dispute of any type, including but not limited to state or federal laws against discrimination such as Title VII of the Civil Rights Act, the California Fair Housing and Employment Act ("FEHA"), and the Americans with Disabilities Act ("ADA"). (Dkt. No. 9-1 at 4 ¶ 1.)

2. The arbitration shall be conducted consistent with the American Arbitration Association ("AAA") rules.  (*Id*. at 5 ¶ 7.)

3. The arbitration may be heard by the AAA, the Judicial Alternatives and Mediation Service ("JAMS"), or any other arbitration forum.  (*Id*. at 5 ¶ 5.)

4. During the arbitration both parties "have the right to take written discovery and depositions as well as to subpoena witnesses and documents for discovery and arbitration." (*Id*. at 5 ¶ 7.)

5. The arbitrator shall issue a written decision with a statement of the findings and reasons for the arbitration award within 30 days of the hearing.  (*Id*. at 5 ¶ 6.)

6. Both parties may request any remedy or relief that is allowed by applicable law.  The AAA rules also permit the arbitrator to grant relief that would have been available to the parties had the matter been heard in court.  (*Id*. at 5 ¶¶ 6,7.)

7. Defendant bears the costs for the arbitrator's fee and arbitration expenses. (*Id*. at 6 ¶ 8.)

8. Neither Defendant nor Plaintiff is entitled to a trial.  (*Id*. at 10.)

On August 7, 2015, Plaintiff submitted a notice concerning an injury he sustained at work. (Dkt. No. 9-1 at 7.)  Plaintiff subsequently submitted a doctor's note explaining his work restrictions.  (*Id*.)  On January 27, 2016, Plaintiff submitted a second note from his doctor to Wendy Right, an employee in the human resources department.  (*Id*.)  On February 5, 2016, Plaintiff's supervisor Mayra Ochoa wrote Plaintiff up, stating Plaintiff was not performing his duties as district manager.  (*Id*.)  Plaintiff contested the write up as Plaintiff was ranked #3 out of 40 district managers.  (*Id*.)  Plaintiff submitted a complaint to the human resources director stating the write up did not reflect his actual performance.  (*Id*.)  Human resources later contacted Plaintiff to inform him that the write up would be "invalidated."  (*Id*.)

Ms. Ochoa's demeanor towards Plaintiff changed after his complaint to HR.  (*Id*.)  Ms. Ochoa told Plaintiff that if he filed an EEOC complaint he would be fired.  (*Id*.)  On March 18, 2016, Plaintiff reached out to Ms. Ochoa for help while on work restrictions per his doctor note. (*Id*.)  Ms. Ochoa did not help Plaintiff.  On March 30, 2016, Plaintiff was constructively terminated.  (*Id*.)

On June 9, 2017, Plaintiff submitted a complaint to the California Department of Fair Housing and Employment alleging disability discrimination and retaliation by Checksmart.  (Dkt.

1   No. 9-2 at 7.) On this same day, Plaintiff also filed a discrimination lawsuit in Alameda County
2   Superior Court. (Dkt. No. 9-2 at 4.) Checksmart removed the action to federal court asserting
3   diversity jurisdiction, and then moved to compel arbitration and dismiss or stay the action. (Dkt.
4   No. 9.) Plaintiff did not file an opposition to the motion.

**DISCUSSION**

**I.    The Arbitration Agreement Encompasses Plaintiff's Claims**

Under the Federal Arbitration Act, a written provision, "in any contract...involving commerce to settle by arbitration a controversy thereafter arising...shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000) (citing *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25 (1983)).

Under the FAA, any party bound to an arbitration agreement that falls within the scope of the FAA may bring a motion in federal district court to compel arbitration and dismiss or stay the proceedings. 9 U.S.C. §§ 3, 4. The role of the federal courts in these circumstances is limited to determining whether the arbitration clause at issue is valid and enforceable under § 2 of the FAA. *Chiron Corp.,* 207 F.3d at 1130. That is, whether: (1) there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *Howsam v. Dean Witter Reynolds,* 537 U.S. 79, 83–84 (2002). A district court may compel arbitration of employment discrimination claims under Title VII and the Americans with Disabilities Act when the statutory claims are covered by an agreement and the agreement is no unconscionable. *Dittenhafer v. Citigroup*, 467 Fed.Appx. 594, 595 (9th Cir. 2012). FEHA claims are also arbitrable. *Armendariz v. Foundation Health Psychcare Servs., Inc.,* 24 Cal.4th 83, 97 (2000).

The Arbitration Agreement is covered under the FAA. There is an agreement to arbitrate between the parties – both parties signed the Arbitration Agreement on Plaintiff's first day of

3

work, February 2, 2015. The Arbitration Agreement covers disputes that arise out of Plaintiff's employment including claims of disability discrimination under state and federal law, such as FEHA and Title VII. Plaintiff brings a FEHA claim, which is specifically identified in clause one of the Arbitration Agreement. As such, the Arbitration Agreement is valid and enforceable under § 2 of the FAA.

**II    No Procedural or Substantive Unconscionability Exists to Prevent Enforcement.**

Once a court concludes there is an agreement to arbitrate, it must compel arbitration unless it determines there are grounds for revocation. 9 U.S.C. § 2. The grounds under which an arbitration agreement make be revoked is government by state law. *Perry v. Thomas*, 482 U.S. 483, 493, n. 9 (1987). Under California law, "the party opposing arbitration bears the burden of proving any defense, such as unconscionability." *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal.4th 223, 236 (2012). "In order to establish such a defense, the party opposing arbitration must demonstrate that the contract as a whole or a specific clause in the contract is both procedurally and substantively unconscionable." *Poublon v. C.H. Robinson Company*, 846 F.3d 1251, 1260 (9th Cir. 2017). Procedural and substantive unconscionability "need not be present in the same degree." *Sanchez v. Valencia Holding Co.*, LLC, 61 Cal.4th 899, 910 (2015). Rather, there is a sliding scale: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.* (quoting *Armendariz,* 24 Cal.4th at 114). We therefore must consider procedural and susbstantive unconscionability.

**1.    Procedural Unconscionability**

An agreement or any portion thereof is procedurally unconscionable if "the weaker party is presented the clause and told to 'take it or leave it' without the opportunity for meaningful negotiation." *Szetela v. Discover Bank,* 97 Cal.App.4th 1094, 1100 (2002). Thus, a contract is procedurally unconscionable under California law if it is "a standardized contract, drafted by the party of superior bargaining strength, that relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Ting v. AT & T,* 319 F.3d 1126, 1148 (9th Cir. 2003). California courts have found that "the adhesive nature of the contract is sufficient to establish

4

some degree of procedural unconscionability" in a range of circumstances, *Sanchez*, 61 Cal.4th at 915, however, "the California Supreme Court has not adopted a rule that an adhesion contract is per se unconscionable." *Poublon*, 846 F.3d at 1260-1261 (citing cases). "Although adhesion contracts often are procedurally oppressive, this is not always the case." *Morris v. Redwood Empire Bancorp*, 128 Cal.App.4th 1305, 1320 (2005). In the employment context, if an employee must sign a non-negotiable employment agreement as a condition of employment but "there is no other indication of oppression or surprise," then "the agreement will be enforceable unless the degree of substantive unconscionability is high." *Poublon*, 846 F.3d at 1260-1261 (citing *Serpa v. Cal. Sur. Investigations, Inc.*, 215 Cal.App.4th 695, 704 (March 21, 2013), *as modified* (Apr. 19, 2013), *as modified* (Apr. 26, 2013)).

Here, the Arbitration Agreement was signed by both parties on Plaintiff's first day of work. Presumably, because it was Plaintiff's first day, the contract was presented on a take-it-or leave it condition of employment. However, this alone is not sufficient to render the entire Arbitration Agreement unconscionable. As discussed above, when there is "no indication of oppression or surprise" the agreement is enforceable unless there is a high degree of substantive unconscionability. There is no evidence of oppression or surprise, therefore the Arbitration Agreement is enforceable absent a finding of substantive unconscionability.

**2. Substantive Unconscionability**

"Substantive unconscionability addresses the fairness of the term in dispute." *Szetela*, 97 Cal.App.4th at 1100. Courts have held that the agreement must be "overly harsh," "unduly oppressive," "unreasonably favorable," or must "shock the conscience" to be substantively unconscionable. *Sanchez*, 61 Cal.4th at 911. Mutuality is the "paramount" consideration when assessing substantive unconscionability. *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 998 (9th Cir. 2010). Agreements to arbitrate must contain at least "a modicum of bilaterality" to avoid unconscionability. *Armendariz,* 24 Cal.4th at 119.

There is no evidence of substantive unconscionability. None of the Agreement terms are overly harsh or unduly repressive. Neither Defendant nor Plaintiff is entitled to a trial. Both parties may conduct written discovery, take depositions, and subpoena witnesses and documents.

Both parties may request and are entitled to any relief permissible under the law.  Furthermore, Defendant must bear the costs associated with the arbitration, including paying the arbitrator.  As such, there is no substantive unconscionability and the Arbitration Agreement is enforceable.

### III. The Armendariz Requirements Are Satisfied.

Defendant also asserts that the Arbitration Agreement satisfies the requirements established by the California Supreme Court in *Armendariz v. Foundation Health Psychcare Servs., Inc*. as it (a) requires a neutral arbitrator; (b) provides for more than adequate discovery; (c) requires a written arbitration award; (d) provides for a wide range of remedies; and (e) provides that the Company shall bear the costs of arbitration.   *Id*., 24 Cal.4th at 90.

The Court agrees.  The Arbitration Agreement provides for a neutral arbitrator as the arbitration may be heard by the American Arbitration Association, "JAMS", or any other arbitration forum.  (Dkt No. 9-1 at 5 ¶ 5.)  During the arbitration both parties "have the right to take written discovery and depositions as well as to subpoena witnesses and documents for discovery and arbitration."   (*Id*. at 5 ¶ 7.)  The arbitrator must issue a written decision with a statement of the findings and reasons for the arbitration award within 30 days of the hearing.  (*Id*. at 5 ¶ 6.)  Both parties may request any remedy or relief that is allowed by applicable law.  (*Id*.)  The arbitrator may grant relief that would have been available to the parties had the matter been heard in court.  (*Id*. at 5 ¶¶ 6,7.)  Defendant bears the costs for the arbitrator's fee and arbitration expenses.   (*Id*. at 6 ¶ 8.)  The *Armendariz* requirements are met.

## CONCLUSION

For the reasons stated above, Defendant's motion to compel arbitration is GRANTED.  The federal court proceedings are stayed.  This Order disposes of Docket No. 9.

**IT IS SO ORDERED.**

Dated: August 22, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge